Attachment 3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR COUNTY OF KING

AHDUT BEAN, PLLC, a Washington
professional limited liability company,

                                        Plaintiff,

v.

ECHO HEALTH, INC., an Ohio corporation;
CHRISTINE A. IBANEZ, an individual,

                                        Defendants.

No.

COMPLAINT

Plaintiff Ahdut Bean, PLLC, by and through its attorneys in this matter, and for causes of action against Defendants ECHO Health, Inc. and Christine A. Ibanez, alleges as follows:

## I.  PARTIES

1.     Plaintiff Ahdut Bean, PLLC ("Plaintiff") is a Washington professional liability company in good standing and doing business as "Green Leaf Dental." Dr. Yonatan Ahdut ("Dr. Ahdut") is the sole member and owner of Plaintiff. Plaintiff operates its business in Seattle, King County, Washington.

2.     On information and belief, Plaintiff alleges that Defendant ECHO Health, Inc. ("ECHO Health") is an Ohio corporation with its principal place of business in Westlake, Ohio.

3.     On information and belief, Plaintiff alleges that Christine A. Ibanez ("Ibanez") is an individual and resident of the state of Nevada.

## II.  JURISDICTION AND VENUE

4.     The Court has original jurisdiction over this action pursuant to RCW 2.08.010.

COMPLAINT - 1

BN 83729080v1

BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone:  206-319-7052

5.    Venue is proper in this Court because King County, Washington, is where the breaches of contract and injuries alleged herein occurred.

## III.  FACTS

**A.    ECHO Health.**

6.    ECHO Health is a company based in Ohio that provides payment solutions for healthcare payers, which include insurance companies. On its website, ECHO Health touts itself as having "best-in-class service and technology to benefit clients" and processes over $600 million in payments each day.

7.    Plaintiff is a growing general dental practice based in Seattle, Washington, owned by Dr. Ahdut. Like most dental practices, Plaintiff relies on dental insurance companies to pay for most or all of the services provided to patients.

8.    In many instances, dental insurance companies will elect to pay Plaintiff using Virtual Credit Cards ("VCCs"). VCCs are virtual one-time use credit cards. In general, VCCs are sent via fax or email to a dental office with a number unique to the particular transaction. ECHO Health acts an intermediary in that it facilitates payments from health insurers to dental practices, like Plaintiff, in exchange for a fee recouped from the VCC transaction.

9.    While Plaintiff is not a party to a contract between ECHO Health and any insurer that pays dental claims on behalf of its patients, ECHO Health is responsible for ensuring that payments reach their intended beneficiary, Plaintiff.

10.    Nevertheless, VCCs come with a very high risk of fraud and embezzlement. Anyone with a credit card reader can misappropriate VCC payment funds. Yet, the payment processing industry continues to utilize risky VCCs because of the lucrative credit card processing fees that such companies, like ECHO Health, bring in on a daily basis.

**B.    Ibanez embezzles at least $156,000 in VCC payments from Plaintiff.**

11.    Ibanez formerly worked in Plaintiff's dental office as an administrative staff member.

BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone:  206-319-7052

12.     Beginning in May 2022, Ibanez diverted over $156,000 in VCC payments to herself through the use of a Square credit card processing account. Such funds were never deposited in any of Plaintiff's operating accounts.

13.     Ibanez created Square accounts using names such as "SQ*DENTAL," "SQ*DENTAL BILLING CO," "SQ*GREEN," and "SQ*GREEN LEAF DENTAL." Plaintiff does not have a Square account and did not authorize Ibanez to create any Square accounts to receive payments from ECHO Health or anyone else.

14.     While its investigation into Ibanez's embezzlement is ongoing, Plaintiff believes that Ibanez embezzled substantially more funds that should have been paid to Plaintiff.

15.     Plaintiff did not learn of Ibanez's embezzlement until March 2024. Plaintiff has terminated Ibanez's employment.

**C.     ECHO Health breaches its agreement to pay Plaintiff and negligently authorized payments to Ibanez.**

16.     As noted above, ECHO Health has failed and refused to pay Plaintiff as an intended third party beneficiary of its payment agreements with dental insurers. Thus, ECHO Health is in breach of such agreements.

17.     ECHO Health was also negligent in its efforts to investigate whether the Square accounts were legitimate or whether it had actually paid the intended recipient. On April 15, 2024, Dr. Ahdut received an email from ECHO Health's "fraud analyst" stating that ECHO Health processed the payments to Square despite never receiving verbal or written confirmation from Plaintiff that ECHO Health was actually paying legitimate Square accounts.

18.     Instead, ECHO Health apparently sent several letters to Plaintiff's office (to which it never received a response) and engaged in two telephone calls with Plaintiff's office. In neither call did ECHO Health ever obtain verbal authorization for payment to Square accounts. Nevertheless, ECHO Health paid the fraudulent Square accounts.

19.     Plaintiff also requested chargebacks of certain VCC payments to Square. Plaintiff

COMPLAINT - 3

BN 83729080v1

BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone:  206-319-7052

never received a response, and Plaintiff has not received chargeback funds.

20.    As a result of ECHO Health's breaches and negligence, Green Leaf Dental has suffered damages in an amount of no less than $156,869.44.

## IV. FIRST CAUSE OF ACTION

### (Breach of Contract against ECHO Health)

21.    Plaintiff incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22.    On information and belief, ECHO Health is a party to contracts with various dental insurance companies to facilitate payments to Plaintiff.

23.    Although Plaintiff is not a party to these contracts, it is in an intended third-party beneficiary. To that end, ECHO Health's performance under the contracts necessarily and directly benefits Plaintiff. The contracts at issue were entered into for the benefit of Plaintiff's ability to be paid for dental services rendered to dental insurers' insureds.

24.    Accordingly, under Washington law, Plaintiff has standing to assert a claim for breach of ECHO Health's contracts.

25.    ECHO Health breached the contracts by, among other things, failing and refusing to pay Plaintiff for dental services rendered.

26.    As a proximate cause of ECHO Health's breaches of contract, Plaintiff has suffered damages, according to proof at trial, but in no event less than $156,869.44.

## V. SECOND CAUSE OF ACTION

### (Negligence against ECHO Health)

27.    Plaintiff incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28.    ECHO Health had a duty of care to ensure that Plaintiff received and was paid money from patients' dental insurance companies for services rendered.

29.    As alleged herein, ECHO Health breached its duty of care to Plaintiff.

BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone:  206-319-7052

30.     As a proximate cause of ECHO Health's negligence, Plaintiff has suffered damages according to proof at trial.

## VI. THIRD CAUSE OF ACTION

### (Conversion against Ibanez)

31.     Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32.     Plaintiff had an ownership right in the funds that Ibanez diverted to her fraudulent Square accounts.

33.     Ibanez's conversion of the funds was a wrongful act done without Plaintiff's consent.

34.     As a proximate cause of Ibanez's conversion, Plaintiff has suffered damages according to proof at trial.

## VII.     FOURTH CAUSE OF ACTION

### (Violation of Washington Consumer Protection Act against ECHO Health)

35.     Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36.     As alleged herein, ECHO Health's failure and refusal to pay Plaintiff constitutes an unfair and/or deceptive act or practice under Chapter 19.86 RCW, *et seq.*

37.     Such unfair and/or deceptive acts or practices occurred in trade or commerce and affect the public interest because they have the capacity to injure other persons, including dental practices, like Plaintiff.

38.     As a proximate cause of ECHO Health's unfair and/or deceptive acts or practices, Plaintiff has suffered injury to its business according to proof at trial.

/ / /

/ / /

COMPLAINT - 5

BN 83729080v1

BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone:  206-319-7052

1

## VIII.   REQUEST FOR RELIEF

Having fully set forth its Complaint, Plaintiff respectfully requests that the Court grant the following relief against Defendants:

1.      For damages in an amount to be proven at trial;

2.      For costs incurred in connection with this action;

3.      For legal fees, if provided by contract or statute;

4.      As to ECHO Health only, statutory penalties and treble damages to the extent authorized by law; and

5.      Such other relief as this Court deems just and equitable.

DATED:  September 9, 2024.

> BUCHALTER
> A Professional Corporation
>
>
> */s/ Adam C. Doupé*
> Adam C. Doupé, WSBA #55483
> 1420 Fifth Ave., Ste. 3100
> Seattle, WA 98101-1337
> Phone: 206-319-7052
> Email: adoupe@buchalter.com
>
> *Attorneys for Plaintiff*

COMPLAINT - 6

BN 83729080v1