|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| AHDUT BEAN, PLLC,<br><br>                    Plaintiff,<br><br>   v.<br><br>ECHO HEALTH, INC., and<br>CHRISTINE A. IBANEZ,<br><br>                    Defendants. | CASE NO. C24-1630 MJP<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Echo Health, Inc.'s Motion to Dismiss. (Dkt. No. 10.) Having reviewed the Motion, the Opposition (Dkt. No. 14), the Reply (Dkt. No. 15), and all supporting materials, the Court GRANTS the Motion and DISMISSES the claims against Echo without prejudice.

**BACKGROUND**

Plaintiff Ahdut Bean, PLLC, a dentistry practice in Seattle that goes by the name of Green Leaf Dental, alleges that its former administrative employee, Christine Ibanez, embezzled at least $156,000 in insurance payments that should have been deposited in Bean's bank account.

(Complaint ¶¶ 11-15 (Dkt. No. 1-3).) According to Bean, Ibanez "diverted" virtual credit cards (VCC) issued by Defendant Echo Health, Inc. that were intended to be payments made by Echo on behalf of various insurers whose insureds received services from Bean. (Id. ¶¶ 7-15.) Echo has no direct contractual relationship with Bean, but acted as a sort of middleman, sending VCCs on behalf of insurers to Bean via email or fax. (Id. ¶ 8.) According to Bean, this process "come[s] with a very high risk of fraud and embezzlement." (Id. ¶ 10.)

As alleged, "starting in May 2022, Ibanez diverted over $156,000 in VCC payments to herself through the use of a Square credit card processing account" and these "funds were never deposited in any of Plaintiff's operating accounts." (Compl. ¶ 12.) Ibanez diverted the VCCs into Square accounts with various names, such as "SQ*DENTAL," "SQ*DENTAL BILLING CO," "SQ*GREEN," and "SQ*GREEN LEAF DENTAL." (Id. ¶ 13.) According to Bean, it never had a Square account and it did not authorize Ibanez to create any to receive payments from anyone. (Id. ¶ 14.) And it alleges that Echo "failed and refused to pay Plaintiff as an intended third party beneficiary of its payment agreements with dental insurers" and that it did not timely or properly investigate the payments it made to the Square accounts identified above. (Id. ¶¶ 16-17.)

Bean pursues three causes of action against Echo. First, Bean alleges that Echo "has failed and refused to pay Plaintiff as an intended third-party beneficiary of its payment agreements with dental insurers" by "failing and refusing to pay Plaintiff for dental services rendered." (Compl. ¶¶ 16, 25.) Second, Bean alleges that Echo acted negligently by failing "to ensure that Plaintiff received and was paid money from patients' dental insurance companies for services rendered." (Id. ¶¶ 28-29.) Third, Bean alleges that Echo violated the Consumer Protection Act through its "failure and refusal to pay Plaintiff." (Id. ¶ 36.)

|   |   |
|---|---|
| 1 | **ANALYSIS** |
| 2 | **A.     Legal Standard** |
| 3-12 | Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party and accept all well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). |

**B.     Breach of Contract**

Bean has failed to identify the breach of a contractual duty Echo owed to Bean as a third-party beneficiary and Echo is entitled to dismissal of the claim.

The primary flaw in Bean's breach of contract claim stems from the absence of viable allegations of a breach. As alleged, Echo breached a duty to pay Bean as a third-party beneficiary to various unidentified contracts between Echo and unnamed insurers. (Compl. ¶¶ 16, 25.) But Bean actually alleges that Echo made payments to Bean, but that Ibanez "diverted" them into Square accounts. Even if one accepts that Bean is a third-party beneficiary (which Echo does in its Motion), Bean has not alleged how Echo failed to pay. Though the Complaint lacks detail, it appears that Ibanez received the VCCs from Echo in her capacity as a Bean employee and then "diverted" the payments into Square accounts to which she had access. (Id. ¶¶ 11-15.) Missing

are allegations that Echo failed to direct payment to Bean via email or fax. Echo cannot have "failed and refused to pay Plaintiff" if its payments were made, but diverted by one of Bean's employees for her own use. Indeed, to "pay" means to "to make due return to for services rendered or property delivered" or "to give in return for goods or service." See Merriam-Webster, "Pay" https://www.merriam-webster.com/dictionary/pay (last visited Jan. 22, 2025). The term "pay" does not also include the concept of verifying the payment was received and deposited in a specific account. As alleged, Bean made a "due return" to Bean that was diverted by a third party, which undermines Bean's theory that Echo failed to make payments.

Bean tries to paper over this gap by newly arguing in its opposition that Echo breached its duty "to take any reasonable step to ensure the payments were actually received by Plaintiff." (Pl. Opp. at 5.) But this is not alleged in the Complaint as a theory of breach or a duty owed to Bean. The only alleged breach is Echo's failure to pay. (Compl. ¶¶ 16, 25.) And while Echo is alleged to have flagged the possibility of fraud and investigated it, Bean never alleges that this constitutes a breach of contract. Bean cannot create a new theory in its opposition brief that Echo's failure to confirm the payment went into Bean's bank account constitutes a breach of contract. Without any such allegations in the complaint to this effect, the argument does not save the claim.

The Court GRANTS the Motion as to the breach of contract claim. The Court's dismissal is without prejudice. Bean may re-plead the claim to identify the contractual obligation(s) and the facts showing the breach(es).

C.  **Negligence**

Echo correctly argues that Bean has not identified any common law duty that it owed to Bean to ensure the funds it issued were not diverted to a third party or that they ended up in an account owned by Bean.

Bean argues that Echo "breached its common law duty to act with reasonable care by failing 'to investigate whether the Square accounts were legitimate or whether it had actually paid the intended recipient [Plaintiff].'" (Pl. Opp. at 6 (quoting Compl. ¶¶ 17).) But aside from citing Washington law that speaks broadly to the duty to act with reasonable care, Bean has failed to identify any case law that would support finding a duty to ensure that the funds paid are ultimately deposited into an account associated with the plaintiff. (Id. (citing Mathis v. Ammon, 84 Wn. App. 411, 416 (1997)).) While Bean believes this specific duty is "clear," it cites to no case law adopting or espousing such a duty. This is fatal to the claim. The Court therefore GRANTS the Motion and dismisses Bean's negligence claim. Dismissal is without prejudice. If Bean choses to re-plead, it must identify the basis of the claimed duty and why it applies to the facts of this case.

D.  **Consumer Protection Act Claim**

Bean's Consumer Protection Act fails because it has not identified an unfair or deceptive act or practice. See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784-85 (1986) (listing the five elements of a CPA claim, whose first requires identification of an unfair or deceptive act or practice). As alleged, "ECHO Health's failure and refusal to pay Plaintiff constitutes an unfair and/or deceptive act or practice[.]" (Compl. ¶ 36.) But the Complaint alleges that Echo actually made payment to Bean and that Bean failed to obtain the funds only because Ibanez diverted the payment to her Square accounts. There is no alleged

failure or refusal to pay and there is therefore no unfair or deceptive act or practice alleged. This is fatal to the claim. The Court GRANTS the Motion and DISMISSES the CPA claim without prejudice.

## CONCLUSION

Echo has identified fatal flaws in all three of the claims alleged against it in Bean's complaint. The Court therefore GRANTS the Motion and DISMISSES all claims against Echo. The dismissal is without prejudice, and Bean may file an amended complaint. Any amended complaint must be filed within 14 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 23, 2025.

Marsha J. Pechman
United States Senior District Judge