UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHDUT BEAN, PLLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>ECHO HEALTH, INC., and CHRISTINE A. IBANEZ,<br><br>                    Defendants. | CASE NO. C24-1630 MJP<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 30.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and DIRECTS ENTRY of DEFAULT JUDGMENT in Plaintiff's favor against Defendant Christine A. Ibanez.

**BACKGROUND**

Ahdut Bean, PLLC, a dentistry practice in Seattle that goes by the name of Green Leaf Dental, alleges that its former administrative employee, Christine A. Ibanez, embezzled at least $156,000 in insurance payments that should have been deposited in Plaintiff's account.

(Amended Complaint ¶¶ 1, 15-19 (Dkt. No. 24).) According to Plaintiff, between May 2022 and March 2024, Ibanez "diverted" virtual credit cards (VCC) issued by Defendant Echo Health Inc. that were intended to be payments made by Echo on behalf of insurers. (Id. ¶¶ 7-19.) Plaintiff pursues one claim of conversion against Ibanez. Plaintiff has served Ibanez, but she has not appeared. The Court has entered default and Plaintiff now moves for default judgment on its conversion claim against Ibanez.

## ANALYSIS

### A. Jurisdiction

Before entering default judgment, the Court must assure itself that it has subject matter jurisdiction. The Court here finds that there is complete diversity jurisdiction. As alleged, Ibanez is a resident of Nevada, while Plaintiff is a single-member professional LLC whose sole member is a Washington resident. (Am. Compl. ¶¶ 1, 3-4.) Moreover, the amount in controversy exceeds $75,000. As such, there is diversity jurisdiction. 28 U.S.C. § 1332(d).

### B. Legal Standard

The Court has discretion to default judgment. Fed. R. Civ. P. 55(b); see Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true."

Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." Id.

**C.    Eitel Factors Favor Default Judgment**

The Court reviews the Eitel factors to assess whether default judgment should be entered and in what specific amounts. On balance, the seven Eitel factors weigh in favor of entry of default judgment in Amazon's favor.

### 1.    Factor One: Prejudice to Plaintiff

Without entry of default judgment Plaintiff will be prejudiced. Plaintiff has attempted to litigate this case and vindicate its rights under state law against Ibanez. Ibanez failed to appear or participate in this litigation despite being served. Plaintiff faces prejudice by not being able to obtain complete relief on its claims against Ibanez without entry of default judgment. This factor weighs in favor of granting default judgment.

### 2.    Factors Two and Three: Merits of Plaintiff's Claim and Sufficiency of the Amended Complaint

Plaintiff has demonstrated the merit of its conversion claim and the sufficiency of the Complaint. Conversion involves three elements: (1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession. See Judkins v. Sadler-Mac Neil, 61 Wn.2d 1, 3 (1962). Plaintiff has adequately alleged facts supporting all three elements. Plaintiff alleges that Ibanez wrongfully appropriated the VCCs that were intended as payment to Plaintiff, and that this deprived it of possession.

### 3.    Factor Four: Sum of Money at Stake

Plaintiff alleges that based Ibanez diverted $156,869.44 in funds through the conversion. Given the size of the money, this factor weighs in favor of default judgment.

4.   **Factor Five: Possibility of Dispute of Material Facts**

The Court finds little possibility that the core, material facts are in dispute. Not only has Ibanez failed to appear in this action, but Plaintiff have provided detailed evidence in support of its claims that is likely difficult to be rebutted. This factor favors entry of default judgment.

5.   **Factor Six: Whether Default is Due to Excusable Neglect**

There is no evidence that Ibanez's failure to appear is due to excusable neglect. This factor favors entry of default judgment.

6.   **Factor Seven; Strong Policy in Favor of Decision on the Merits**

The Court maintains a strong policy preference in favor of resolution of Plaintiff's claims on the merits. But Ibanez's decision not to appear in this case vitiates against this policy. This factor weighs in favor of entry of default judgment.

\*   \*   \*

Having considered and balanced the Eitel factors, the Court finds that entry of default judgment is proper on all claims as explained in detail above. On this basis, the Court GRANTS the Motion.

**D.   Amount of the Default Judgment**

Plaintiff asks the Court to award $156,869.44 in damages. The Court finds this amount proper.

As to pre-judgment interest, under Washington law, "the general rule in actions of trover and conversion is that interest is allowed from the date of the conversion." Grays Harbor County v. Bay City Lumber Co., 47 Wn.2d 879, 891 (1955). And where the amount is liquidated—where it can be determined by a definite sum—then prejudgment interest is allowed. See Colonial Imports v. Carlton Northwest, Inc., 83 Wn. App. 229, 245 (1996). Here, the damages

are liquidated, which entitles Plaintiff to pre-judgment interest. The proper rate is set by RCW 4.56.110, which is two percentage points above the prime rate as published by the Federal Reserve on the first business day of this month. RCW 4.56.110(3)(b). The applicable Federal Reserve rate is 7.5%, which makes the total prejudgment interest rate 9.5% under state law. Running from April 15, 2024 (the date Plaintiff confirmed the amount of the conversion with Echo) to the date of this Order, the Court calculates total prejudgment interest at $16,739.90.

As to post-judgment interest, Plaintiff is entitled to such interest pursuant to 28 U.S.C. § 1961(a).

## CONCLUSION

The Court GRANTS the Motion for Default Judgment. The Court AWARDS $156,869.44 in damages and $16,739.90 in pre-judgment interest for a total award of $173,609.34. The Court also awards post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The clerk is ordered to provide copies of this order to all counsel.

Dated May 30, 2025.

Marsha J. Pechman
United States Senior District Judge